IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANMOL SINGH,

     Petitioner,

v.                                                                                          No. 26-cv-1988-KG-GBW

WARDEN, Otero County Processing Center, *et al*,

     Respondents,

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Petitioner Anmol Singh's Second Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1) ("Second Petition"). Petitioner raises a due process claim and seeks a release from immigration custody. Because the Court has already rejected Petitioner's argument that he was detained without adequate process, he must show cause why this case should not be dismissed as an abuse of the writ.

    I.    *Background*

Petitioner, a native and citizen of India, entered the United States without inspection or admission on October 14, 2024. (Doc. 6) in 26-cv-0650-KG-KRS.[1] United States Customs and Border Patrol ("CBP") arrested Petitioner and released him on his own recognizance soon after. *Id*. Petitioner resided in New York and complied with all conditions of release. Doc. 1 at 6. Immigration and Customs Enforcement ("ICE") took Petitioner into custody in New York on December 2, 2025. (Doc. 1) in 26-cv-0650-KG-KRS. ICE transferred him to the Otero County Processing Center in New Mexico on December 10, 2025. *Id.* He remains detained there. *Id.*

---

[1] The facts are taken from the record in Petitioner's first 28 U.S.C. § 2241 habeas proceeding. That record includes the relevant immigration documents.

Petitioner applied for and received a bond hearing on February 26, 2026.  *Id.*  The immigration judge ("IJ") denied Petitioner's bond request "as a matter of discretion" because Petitioner failed to "meet his burden of showing that he is not a flight risk."  (Doc. 6-5) in 26-cv-0650-KG-KRS.  Petitioner appealed that decision to the Board of Immigration Appeals ("BIA") on March 25, 2026.  (Doc. 7) in 26-cv-0650-KG-KRS.

Petitioner filed his first 28 U.S.C. § 2241 petition on March 4, 2026.  (Doc. 1) in 26-cv-0650-KG-KRS ("First Petition").  Petitioner argued he was detained without procedural safeguards and due process.  The Court denied the First Petition on May 6, 2026, determining Petitioner received an adequate bond hearing as required by 8 U.S.C. § 1226.  Petitioner filed a Motion for Reconsideration.  The Court denied that motion and closed the first case on June 5, 2026.  (Doc. 13) in 26-cv-0650-KG-KRS.  Petitioner filed the instant, Second Petition on June 22, 2026.  (Doc. 1).  He again argues he was detained without due process.  The Court will consider whether Petitioner's second/successive filing constitutes an abuse of the writ.

## II.    *Discussion*

Habeas corpus relief is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Courts conduct an initial review of *pro se* habeas petitions to determine whether the claims raise a colorable request for relief.  *See* Habeas Corpus Rules 1, 4.  "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the Judge must dismiss the petition."  Habeas Corpus Rule 4(b).  "If the petition is not dismissed, the Judge must order … an answer."  *Id.*

Where, as here, a petitioner files multiple Section 2241 petitions, the later-filed cases

2

generally proceed in one of two ways.   If the first Section 2241 case is still pending, the later-filed petition may be dismissed as duplicative and without prejudice.   *See, e.g., Horbenko v. Lyons,* 26-cv-0751-KWR-DLM (dismissing duplicate Section 2241 immigration petition); *Anis v. Bondi*, 26-cv-0865-KG-DLM (same); *Leon-Chapa v. Janecka*, 26-cv-1060-MIS-GBW (same); *Izquierdo v. Warden*, 26-cv-1117 SMD-JHR (same).   The petitioner is then free to continue prosecuting claims in his or her existing Section 2241 case.   *Id.*

If the second petition is filed after a ruling on the merits, the Court may dismiss the second petition as an abuse of the writ.   *See Tashchian v. Warden of Golden State Annex Det. Facility*, 2025 WL 3194356, at *1 (E.D. Cal. Oct. 2, 2025) (dismissing immigration petition based on the abuse of the writ doctrine).   The "abuse of the writ" doctrine developed in the case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255.   *See Calderon v. Thompson,* 523 U.S. 538, 558 (1998) (noting the statutory "provisions [applicable to Section 2254] do not govern" Section 2241 proceedings, but they "inform [judicial] consideration" of the abuse of the writ doctrine); *Stanko v. Davis,* 617 F.3d 1262, 1268 (10th Cir. 2010) (discussing the statutory bar applicable to Section 2254 and 2255 proceedings and the abuse of the writ doctrine applicable to Section 2241 proceedings).

The abuse of the writ doctrine permits courts to dismiss successive Section 2241 claims that were raised in a prior petition as well as new "claims [that] could have been raised in an earlier [petition] … but were not."   *Stanko*, 617 F.3d at 1270.   *See also Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) ("Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.").   The Government can raise the doctrine in an answer, but it can also be raised *sua sponte.   See*

3

*Oleksandr v. Warden,* 2026 WL 1480418, at \*2 (E.D. Cal. May 27, 2026) ("a court can raise abuse of the writ *sua sponte*"); *Femia v. United States*, 47 F.3d 519, 523 (2d Cir. 1995) (same). Once the Court identifies claims that were raised in a prior petition (or could have been raised), "[t]he burden to disprove abuse … becomes petitioner's." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Petitioner must "show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.* at 494-495.

Here, the First and Second Petitions are nearly identical. The First Petition argues: (1) Petitioner was released on his own recognizance and complied with all conditions of release; (2) immigration officials detained Petitioner illegally; and (3) the immigration judge improperly denied Petitioner's request for bond because he is not a flight risk or community danger. (Doc. 1) in 26-cv-0650-KG-KRS. The Second Petition filed June 22, 2026 uses new labels for each claim but otherwise makes similar factual arguments. The Second Petition argues: (1) Petitioner was released on his own recognizance; complied with all conditions of release; and was illegally detained without a change in circumstances; (2) Petitioner did not receive procedural safeguards in connection with detention; and (3) Petitioner's "redetention procedures" were deficient. These arguments, while phrased slightly differently than before, appear to turn on the same issue: whether Petitioner received adequate process in connection with his immigration detention. The Court has already examined the immigration records and determined that he received an adequate bond hearing, as required by 8 U.S.C. § 1226. Petitioner has not identified what specific process he believes he should have received, beyond the bond hearing.

For these reasons, Petitioner must file a response showing cause, if any, why the Second Petition should not be dismissed as an abuse of the writ. The response is due within thirty (30)

4

days of entry of this ruling.   The Court will grant Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) and deny his Motion for Temporary Restraining Order (Doc. 3), for the reasons above.   If Petitioner fails to timely respond and overcome the abuse of the writ doctrine, the Court may dismiss this case without further notice.

IT IS ORDERED:

1.  Within thirty (30) days of entry of this Order, Petitioner shall file a show-cause response, as set forth above.

2.  Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted.

3.  Petitioner Motion for Temporary Restraining Order (Doc. 3) is denied.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.